For complainant: Rosenfeld & Hagan.

For respondent: James H. Rickard.

---

John F. McElaney
vs.                                Law No. 3828
Thomas F. Keeher, alias.

DECISION
November 28, 1927.

WALSH, J. This is an action in assumpsit. The declaration contains four counts. The first count is in the usual form for money had and received. The second count alleges the embezzlement of Five Thousand Dollars of the money of the plaintiff by the defendant. The third count is for interest upon the sum alleged to have been embezzled in the second count. The fourth count alleges the conversion by defendant to his own use of the sum of Five Thousand Dollars, the property of the plaintiff.

Defendant has filed his demurrer to all counts alleging (1) that they and each of them are not sufficient in law; (2) that they and each of them do not

set forth a cause of action; (3) that there is a variance in the declaration in that counts in trover are sought to be joined with counts in assumpsit; (4) that the second count is duplicitous in that it joins in one count causes of action in assumpsit and trover; (5) that certain of said counts are "vague, illusory, uncertain and indefinite;" (6) that in certain of said counts causes of action in assumpsit and in trespass vi et armis are sought to be joined.

The first count is in the ordinary and usual form and the demurrer as to that count is overruled.

The second count sets forth as inducement the charge that the defendant embezzled Five Thousand Dollars of the money of the plaintiff which plaintiff seeks to recover. There is no doubt as to the legal principle that where the facts show a duty on the part of defendant to pay to the plaintiff a sum of money, the law will presume a promise on the part of defendant to pay the same. There is an implied promise on the part of defendant to repay to plaintiff any sum that he may have acquired from the plaintiff through any form of dishonesty. The fact of embezzlement is stated in this count by way of inducement only. The count states a cause of action. The demurrer to the second count is therefore overruled.

The third count being for interest on an alleged sum embezzled is subject to the same reasoning given for sustaining the second count as a good count. The demurrer to the third count is overruled.

The fourth count in substance alleges by way of inducement that the plaintiff's money came to the defendant by finding and that the defendant, knowing the same and intending to deprive the plaintiff of his property, refused to turn it over to the plaintiff. In such a case, we think there is clearly an implied promise on the part of defendant to return and restore the article so found to the plaintiff and in this case, the article in question being money, we feel

that suit for its recovery may be maintained in an action of assumpsit.

The demurrer to the fourth count of the declaration is overruled.

For plaintiffs: W. A. Peckham, John H. Nolan.

For defendant: Fitzgerald & Higgins.